IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:01CR17 |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSE MANUEL MORA-REYNOZO, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Before the court is defendant Jose Manuel Mora-Reynozo's Motion Under U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filing no. 23. The government has filed an answer, filing no. 29. The court, having considered the motion and the relevant law, now concludes that the defendant's motion should be denied.

Background

On January 18, 2001, an indictment was filed in this court charging defendant, an alien, with knowingly and unlawfully entering the United States following his deportation after having been convicted of an aggravated felony in violation of 8 U.S.C. §1326(a) and (b)(2). The underlying felony convictions dated back to a September 20, 1993 California conviction for conspiracy to sell cocaine with a weapons enhancement. The defendant was sentenced by the California court to a term of six years. He was discharged from parole on August 14, 1999. However, he was deported on August 20, 1996. The defendant served approximately three years of his six year sentence.

Initially, the defendant pleaded not guilty to this charge. However, on March 29, 2001, he agreed with the government to plead guilty and this court conducted a change of plea hearing. At that time, the court deferred its determination regarding the defendant's plea agreement until the court had an opportunity to examine the plea and the pre-

sentence report on the defendant.  On June 29, 2001, pursuant to a petition to enter a plea of guilty, the defendant, together with counsel, William F. Eustice, appeared before this court.  At that time, after examining all the proceedings in this case, this court determined: (1) that defendant understood the nature of the charges; (2) that he understood the possible penalties which may be imposed on conviction of those charges; (3) that he understood his rights, including the right to plea not guilty, the right to be tried by a jury, the right to have the assistance of counsel, the right to confront and cross examine witnesses and the right not to be compelled to testify against himself; (4) that he fully understood the consequences of waiving those rights; (5) that he voluntarily, knowingly, and intelligently waived those rights; (6) that the plea of guilty was supported by an independent basis in fact concerning each essential element of the offense charged; and (7) that defendant understood the consequences of his guilty plea.  In light of these determinations, this court accepted the defendant's guilty plea, adopted the parties' plea agreement, and sentenced defendant to forty-one (41) months in prison.  On June 28, 2002, the defendant filed the present motion, pursuant to 28 U.S.C. § 2255, arguing that his sentence should be vacated because of ineffective assistance of counsel.[1]  For the reasons stated below, the court denies the defendant's motion to vacate his sentence.

---

[1] 28 U.S.C. § 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  *See 28 U.S.C. § 2255.*

2

Analysis

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to 28 U.S.C. § 2255.  *United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).* To sustain his ineffective assistance of counsel claim, the defendant must show "his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case."  *Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988) (citing Strickland v. Washington, 466 U.S. 668 (1984)).*  If the defendant cannot prove prejudice, the court need not address whether counsel's performance was deficient.  *Apfel, 97 F.3d. at 1076.*  To establish prejudice, the defendant must prove that a reasonable probability exists, that but for counsel's errors, the result of the proceeding would have been different. *Cheek, 858 F.2d at 1336.*

In this case, the defendant argues that his sentence should be vacated because his guilty plea is based on a constitutionally deficient deportation.  Specifically, the defendant claims that at his deportation hearing the immigration judge failed to advise him that he was eligible to seek relief from deportation under the Immigration Naturalization Act § 212(c), 8 U.S.C. § 1182(c) (repealed in 1996), which granted the Attorney General broad discretion to waive deportation in certain cases.  Defendant contends that "at the deportation hearing it was believed that [he] was not eligible for any relief from deportation" under § 212(c); thus, he was deported.  *See Plaintiff's Brief attached to his § 2255 motion at 2.*  According to the defendant, his deportation hearing was conducted under the false assumption that the 1996 immigration reform contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigrant

3

Responsibility Act (IIRIRA) repealed the Attorney General's authority to permit waiver of deportation.  *Id.*  Defendant cites *INS v. St. Cyr*, 533 U.S. 289 (2001) in support of the argument that the immigration reforms found in AEDPA and IIRIRA do not preclude a defendant, who was convicted prior to the enactment of those reforms, to seek relief under § 212(c) or a waiver of deportation.  *Id. at 5-6.*  The court agrees with the defendant on his interpretation of the *St. Cyr* Supreme Court decision.  However, *St. Cyr* is distinguishable from the defendant's case.

In *St. Cyr*, an alien had entered a plea of guilty to a deportable crime with the expectation that he could apply for discretionary relief from deportation.  *See St. Cyr, 533 U.S. at 292-93.*  However, by the time his deportation proceedings were held, Congress had passed the immigration reforms in AEDPA and IIRIRA.  *Id.*  The Supreme Court addressed whether those reforms should be applied retroactively to persons like *St. Cyr*.  *Id.*  The Court held that AEDPA and IIRIRA did not apply retroactively and that *St. Cyr* remained entitled to seek discretionary waiver under § 212(c).  *Id at 326.*  In this case, however, the defendant was deported on August 20, 1996 (*see Criminal Complaint Affidavit, filing no. 1 and see Plaintiff's Brief attached to his § 2255 motion at 2.*), and relief pursuant § 212(c) was available to him at that time.  IIRIRA – which repealed § 212(c) – was not enacted until September 30, 1996.  *See 8 U.S.C. § 1182(c) repealed. Pub.L. 104-208, Div. C, Title III, § 304(b), Sept. 30, 1996, 110 Stat. 3009-597.*  Clearly the defendant faced a much different situation than *St. Cyr*.  *St. Cyr* – unlike defendant – could not have asserted the benefits of repealed § 212(c), namely, waiver from deportation.  Defendant, on the other hand, was deported before the enactment of IIRIRA and could have asserted

4

the benefits of § 212(c).  The alleged failure of the immigration judge to advise him of the benefits of § 212(c) is not a defense to the defendant's deportation or to the instant offense. Thus, the court determines that defendant's claim of ineffective assistance of counsel, based on that belief, is without merit.  Here, the defendant has failed to establish an error or a deficient performance on the part of his counsel in any way.  Accordingly, defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (filing no. 23) is denied.

SO ORDERED.

DATED this 2nd day of September, 2005.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge